# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

In Re Petition of:                )
                                  )
SAMUEL ROBERT QUEEN               )   Case No. 06-301-SAC
                                  )
                                  )

## MEMORANDUM AND ORDER

This matter comes before the court on petitioner Samuel Robert Queen's verified Petition (Doc. 1), filed pursuant to Federal Rule of Civil Procedure 27, seeking to perpetuate testimony prior to filing a law suit, and petitioner's application to proceed *in forma pauperis* (Doc. 2).

Turning first to petitioner's application to proceed *in forma pauperis* (Doc. 2), Section 1915 of Title 28, United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right–fundamental or otherwise.'"[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *Barnett ex rel. Barnett v. Northwest School*, No. 00-2499-KHV, 2000 WL 1909625 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[2] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. April 23, 1999)).

Upon review of petitioner's application, the court finds that he has made a sufficient demonstration to warrant being allowed to proceed in this matter *in forma pauperis*. The court will, therefore, proceed with consideration of the merits of his verified Petition. For the reasons set forth below, the court finds the Petition should be denied.

Federal Rule of Civil Procedure 27(a)(1) provides:

A person who desires to perpetuate testimony regarding any matter that may be recognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.[3]

Petitioner complied with Rule 27 and provided these elements in his verified Petition (Doc. 1). Petitioner states that he anticipates bringing an action against prison officials, but he is currently unable to do so because of the prison's actions which have delayed his pursuit of administrative remedies. The subject matter of this anticipated suit involves 5 U.S.C. § 552A and the 5th Amendment of the Constitution.

---

[3] Fed.R.Civ.P. 27(a)(1).

Petitioner makes a number of factual allegations that he hopes to establish through the preservation of testimony. He claims that prison records are inaccurate, and he hopes to gain evidence regarding these inaccuracies. Furthermore, petitioner alleges that his legal materials were not included with his personal belongings when he was transferred from United States Penitentiary-Leavenworth to United States Penitentiary-Marion. He anticipates establishing through testimony that prison officials are responsible for removing these legal documents from his personal belongings in an effort to frustrate his efforts to bring an action. Petitioner claims perpetration of testimony is appropriate because there is a danger that evidence will be forgotten, modified, or lost.

Petitioner provides that the anticipated adverse party is the Federal Bureau of Prisons ("BOP") and includes its address in his petition. He also provides the names of sixteen individuals he wishes to depose, as well as their last known addresses. Petitioner provides a brief description of the testimony he expects the witnesses to provide. As petitioner has provided the foregoing elements, he appears to have complied with Federal Rule of Civil Procedure 27(a)(1).

However, in addition to these elements the petitioner must demonstrate that "the perpetuation of the testimony may prevent a failure or delay of justice..."[4] Federal Rule of Civil Procedure 27 only applies when perpetuation of testimony is necessary to prevent the

---

[4] Fed.R.Civ.P. 27(a)(3).

loss of testimony.[5]  For example, perpetuation of testimony may be appropriate when a witness is of an advanced age or in poor health.[6]  Even viewing petitioner's allegations as true for the purposes of this motion, petitioner's allegations fail to sufficiently demonstrate that perpetuation of testimony is necessary to prevent the loss of testimony.

Petitioner alleges that testimony must be perpetuated in order to prevent loss due to memory loss or modification.  However, petitioner must point to a specific facts to support a Rule 27 motion.[7]  An *unsupported* allegation of the *possibility* of memory loss is not sufficient to support perpetuation of testimony.[8]  Furthermore, petitioner's claim that testimony may be modified at a later time is not sufficient to support perpetuation of testimony.  Petitioner fears that individuals will modify their testimony on their own behalf or on the instruction of a superior.  In support of this allegation, petitioner offers, as evidence, examples of past instances in which he believes legal documents have been modified by BOP employees.  However, petitioner does not provide any documents to substantiate these allegations.  Nor does petitioner present the court with any reason to believe that such modification of testimony would be any less likely to occur if the

---

[5] *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975).

[6] *In re Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986).

[7] *Id.* at 371 (citing *Ash v. Cort*, 512 F.2d 909, 913 n.16 (3d. Cir. 1975); *Mercantile Nat'l Bank at Dallas v. Franklin Life Ins. Co.*, 248 F.2d 57, 59 (5th Cir. 1957)).

[8] *See Ash*, 512 F.2d at 911.

testimony was taken by deposition in advance of a lawsuit. Therefore, the threat of memory loss or modification will not support the need for perpetuation of testimony.

Petitioner further alleges that perpetuation of testimony is necessary due to a change in the security level at United States Penitentiary-Leavenworth. He claims that the changed security level has resulted in the transfer of staff and prisoners which presents a danger of loss of testimony. However, a witness leaving a current employer is not a sufficient reason to perpetuate testimony.[9] In petitioner's case, witnesses are transferring employment or incarceration, neither is sufficient to warrant application of Rule 27.

Furthermore, petitioner's description of the anticipated testimony is not unique to each of the sixteen individual witnesses. To warrant perpetuation of testimony, the testimony should be unique and unable to be reproduced by another witness.[10] In this case, petitioner seeks similar testimony from each of the witnesses regarding a series of events. As there are sixteen different witnesses that can testify to some aspects of these events, it does not seem likely that pertinent testimony will be lost. Accordingly, after full review of petitioner's verified Petition (Doc.1), the court finds that it shall be denied. As a result, the court further finds that petitioner's motion for an order scheduling the requested depositions (Doc. 4) is now moot.

---

[9] *See Rosario*, 109 F.R.D. at 371.

[10] *See Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995).

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in this matter *in forma pauperis* (Doc. 2) is hereby granted.

**IT IS FURTHER ORDERED** that petitioner's verified Petition (Doc. 1) to perpetuate testimony prior to filing a law suit is hereby denied.

**IT IS FURTHER ORDERED** that petitioner's motion for a deposition scheduling order (Doc. 4) is hereby denied as moot.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2006, at Topeka, Kansas.

s/K. Gary Sebelius

K. Gary Sebelius

U.S. Magistrate Judge